IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In Re:** | ) | **Bankruptcy No. 22-21446-CMB** |
| **Bernice Warfield** | ) | Document No. 36 |
|     **Debtor** | ) | Chapter 13 |
| **Bernice Warfield** | ) | |
|     **Movant** | ) | |
| **vs.** | ) | **Related to Claim 1-1** |
| **Wilmington Savings Fund Society, FSB,** | ) | |
| **As Owner Trustee of the Residential Credit** | ) | |
| **Opportunities Trust VII-B,** | ) | |
| **and** | ) | |
| **Ronda J. Winnecour, Esquire** | ) | |
| **Chapter 13 Trustee** | ) | |
|     **Respondent(s)** | ) | |

**INTERIM MORTGAGE MODIFICATION ORDER**
**SECURED OUTSIDE OF LOSS MITIGATION**

On November 21, 2022 the above named Debtor and Respondent, **Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust VII-B,** ("Creditor") entered into a trial modification (the "Trial Modification"), with respect to the FIRST mortgage on the Debtor's residence. The terms of the Trial Modification require monthly payments in the amount of **$2,115.08** ("Trial Payments") to begin on **DECEMBER 1, 2022** and to continue in that amount until **NOVEMBER 1, 2023** (the "Trial Modification Period"). In light of the need for an immediate change in the distribution to the Creditor, the Debtor(s) request the Court to enter this *Interim Mortgage Modification Order* until a final, permanent modification can be presented to the Court for approval.

*AND NOW,* this 22nd **day of** November, *2022,* for the foregoing reasons it is hereby *ORDERED*, *ADJUDGED and DECREED* that:

PAWB Local Form 47 (04/14)                                                   Page 1 of 2

(1)  The Chapter 13 Trustee is authorized and directed to modify the distributions to the above-named Creditor for the Trial Modification Period. Each Trial Payment shall be made in the Amount of **$2,115.08** for **DECEMBER 1, 2022** and to continue in that amount until **NOVEMBER 1, 2023.** Following the Trial Modification Period, the Chapter 13 Trustee shall continue to make distributions in the same amount as the Trial Payments until further Order of Court.

(2)  In the event that a Permanent Modification is reached between the Parties, the Debtor *immediately* shall file a *Motion to Authorize the Loan Modification* in compliance with *W.PA.LBR 9020-6(d)*.

(3)  Any Party may seek a further hearing regarding the amendment or termination of this *Order* at any time during the Trial Modification Period by filing an appropriate Motion.

(4)  Within three (3) days of entry of this *Order*, Debtor shall serve this *Order* electronically on the Chapter 13 Trustee at the following email address: **LMP@chapter13trusteewdpa.com** and Debtor shall not be entitled to rely on CM/ECF or United States Mail for service of this *Order* on the Chapter 13 Trustee. The Debtor(s) Certificate of Service shall reflect service upon the above identified email address.

*Carlota M. Böhm* glb
Carlota M. Böhm
United States Bankruptcy Judge

FILED
11/22/22 10:48 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

Debtor(s)
Counsel for Debtor(s)
[Counsel for Creditor]
Ronda J. Winnecour, Esq. Ch 13 Trustee

Recording requested by and When recorded return to:
American Mortgage Investment Partners Management, LLC,
as Attorney in Fact
3020 Old Ranch Parkway #180
Seal Beach, CA 90740

Prepared By: American Mortgage Investment Partners
Management, LLC, as Attorney in Fact

| | |
|---|---|
| Original Mortgage: | $174,000.00 |
| New Principal: | $253,129.70 |
| Unpaid Principal: | $112,181.62 |
| Capitalized Amount: | $140,948.08 |

Parcel Number: 297-R-200

## LOAN MODIFICATION AGREEMENT
### with Trial Payment Plan Provision

This Loan Modification Agreement ("Agreement") is made and entered into as of **10/24/2022**, by and between Bernice Warfield and Tamar Warfield ("Consumer") and Wilmington Savings Fund Society, FSB, As Owner Trustee of the Residential Credit Opportunities Trust VII - B ("Lender"), with reference to the following facts and circumstances:

RECITALS

A. Lender or its predecessor in interest made a loan (the "Loan") to Consumer in the original principal amount of (**$174,000.00**) evidenced by that certain "Promissory Note" and other related loan agreements and documents (collectively, the "Loan Documents") dated **9/28/2007** and modified **4/1/2011**. The Note ("Note") is secured by real and personal property collateral including, without limitation, a Security Instrument (the "Security Instrument") encumbering certain real property located at: 20 THORNYCROFT RD, PITTSBURGH, PA 15235 (the "Property") and improvements thereto (if any). Said property is legally described in "Exhibit A" Attached.

The current Unpaid Principal Balance (UPB) of the Note is **$112,181.62** with current rate of **4.000%** [Step Rate]. The maturity date of the Note is **3/1/2051**. The Deferred Amount is **$58,700.00**; The Current unpaid/accrued interest on the Note totals **$25,067.86**; Accrued Late Charges are **$92.04**; Unpaid Charges total **$5,388.98**; Lender Advancement for Escrow Shortage is **$5,366.97**; Negative Escrow Balance is **$46,679.79**; The funds held in Suspense in the amount of **$347.56** shall be applied towards existing arrears. The total amount in arrears is **$140,948.08** good through **11/1/2022**. Consumer is in default of the Note and Loan Documents for failure to pay the **12/1/2017** through **11/1/2022** installments plus all accrued late charges, etc.

B. **Assumption**. The original Loan was granted to Bernie Warfield ("Consumer"). Upon receipt of Executed Agreement, Lender agrees to add Tamar Warfield as ("Consumer"). Consumer assumes all obligations to Lender to the Loan, Note, Deed of Trust and this Agreement as outlined below.

Prev. Rec. Info: 10/10/2007 Book No. M 34558 Page No. 117 Instrument No. 2007-109646

Consumer(s) Initials: _[signature]_

Page | 1

Consumer covenants, promises, and agrees that Consumer, jointly and severally if more than one, will unconditionally assume and be bound by all terms, provisions, and covenants of the Note and the Deed of Trust. The Released Consumer still reserves the right to contact Lender for information on the Loan, Note or Agreement.

C. Consumer has requested that Lender agree to modify the Note as the same may be modified hereby. Lender is willing to do so on the terms set forth herein. The Loan Documents, as modified, amended or supplemented by this Agreement, shall remain in full force and effect.

D. Consumer shall be responsible for any outstanding and/or trailing invoices that are identified at a later date and not included in the recitals outlined above in Section A. These will be added as a loan charge to the account and are to be paid by Consumer.

WHEREFORE, IN CONSIDERATION OF THE FOREGOING AND THE MUTUAL CONDITIONS AND AGREEMENTS CONTAINED HEREIN, CONSUMER AND LENDER AGREE AS FOLLOWS:

1. Trial Payment Period: Upon receipt of this fully executed agreement and the funds outlined below, the lender agrees to place the foreclosure on hold. Consumer understands, as a condition of entering into this Loan Modification, that there will be a Twelve (12) consecutive month trial period, beginning **12/1/2022** and ending **11/1/2023**. During this Trial Payment Plan the Consumer understands that the loan will remain in foreclosure. If Consumer fails to make a monthly payment or exceeds a delinquency of Thirty (30) days or more, Consumer agrees to stipulate to Foreclosure and waives their right to all defenses upon default of this new loan Modification Agreement. In states where enforceable, Lender agrees to waive deficiency judgment against Consumer in the event of a new foreclosure or re-default. All Deferred amounts will be due and payable in the event of a default during the Trial Period. During the same Trial Period and upon receipt of the Twelve (12) successful and timely payments of **$2,115.08** per month, Lender agrees to dismiss the foreclosure. Consumer shall be liable for any costs incurred due to postponing and/or cancelling any foreclosure action during the Trial Payment Period. These will be added as a loan charge to the account and are to be paid by Consumer.

2. **Approval by Bankruptcy Trustee and Bankruptcy Court Approval.** Consumer shall file a motion to approve this modification agreement in the bankruptcy proceedings in BK-22 No. 21446 in the United States Bankruptcy Court within twenty-one days after Lender signs this agreement. Should the bankruptcy court deny the approval of this loan modification agreement, then this loan modification agreement shall have no force and effect.

3. Loan Modification. Upon receipt of this fully executed agreement and the funds outlined below, the Lender agrees to modify the Loan. Effective **11/1/2022**, the amount payable under the Note and Security Instrument ("the Unpaid Principal Balance") shall be increased to **$253,129.70** consisting of the amount(s) loaned to Consumer by Lender, which includes the arrears capitalized of **$140,948.08.** The arrears are limited to unpaid interest, escrows and any legal fees and related foreclosure costs that may have been accrued for work completed itemized in Section B above. The Consumer will be required to pay the unpaid principal balance in the event of a refinance, pay off the loan, any transfer of interest in the home, default of any terms as set forth in this Agreement, or at loan maturity. The Maturity of the Loan will be reset to **11/1/2062.**

4. Consumer promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the changed yearly rate of **5.00%** [Fixed]. The New Monthly installment payments shall be **$2,115.08**. This amount consists of Principal and Interest (P&I) amount of **$1,220.58** and Monthly Escrow Impounds for

Consumer(s) Initials: _BW/BW_    Page | 2

Property Taxes and Homeowners Insurance of **$894.50** (T and I). The escrow portion of the loan payment quoted on the Agreement may fluctuate due to changes in tax assessments and/or increase in insurance premiums due. Consumer understands there is an Escrow Shortage for the Impound account due in the amount of **$5,366.97**.

Lender agrees to advance the initial payment of **$5,366.97** which shall be applied towards the Escrow Deposit/Shortage.

Consumer shall be fully responsible for paying any "delinquent" Property Taxes and "delinquent" Homeowners Insurance or Homeowners Association fees that became due prior to the effective date of this modification agreement and shall show proof to Lender upon request.

5. Beginning **12/1/2022**, Consumer promises to pay **$2,115.08**, and shall continue making monthly payments on the due date of each succeeding month thereafter, until principal and interest are paid in full. If on **11/1/2062** (the "Maturity Date"), Consumer still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Consumer will pay these amounts in full at that time.

6. Total of Payments Disclosure: Consumer acknowledge that I am indebted to ("Lender") in the amount of **$585,878.40** should I make all payments as scheduled in the Loan Modification Agreement. This amount includes the Principal and Interest that would be paid through the life of this Agreement. However; should Consumer choose to refinance or sell the Property prior to the Maturity Date; a payoff quote will be calculated consistent with the remaining Unpaid Principal Balance as detailed in Section 2.

Consumer fully intends to pay this loan, through the proposed Loan Modification with the terms that have been provided.

7. Time is of the Essence, Return Agreement as soon as Possible. Please be aware if the signed agreement is not returned/received with the agreed upon funds within 14 days of receipt, this offer is null and void.

8. Interest Rate. Lender agrees that the interest rate at which interest accrues on the unpaid principal balance of the Note shall be modified to **5.00%** and will continue through the Maturity Date of **11/1/2062.**

9. Payments: Consumer shall send all payments to: FCI LENDER SERVICES, INC., 8180 E. KAISER BLVD., ANAHEIM HILLS, CA 92808; 1-800-931-2424, Monday through Friday 8:00 am to 5:00 pm.

10. Assignment of Leases and Rents Receivership: The existing Mortgage and Note shall be amended to include the following: In the event, that loan is in default and Consumers are generating any gross income from the property by a tenancy or any other arrangement. Consumers agree to Irrevocably assign and transfer to Lender the right title and interest of Consumer in all existing and future leases and agreements whether or not in writing and any rents and deposits derived and collected therefrom, affecting and pertaining to the use, enjoyment or occupancy of any part of the premises. Consumer consents to the entry by Lender, Lender's agent, or court appointed receiver or designee, to enter the premises to collect the rents and enforce the leases. Consumer further consents and waives opposition to the appointment of a court appointed Receiver in the event the loan is in default.

11. Additional Agreements:

    Consumer agrees to the following:

Consumer(s) Initials: _[initials]_    Page | 3

   a. In the event Consumer defaults under this Agreement, without waiving any rights and remedies otherwise available to Lender, Lender shall thereupon be entitled to require, and Consumer irrevocably consents to enter either Lender' Deed-In-Lieu or Short Sale program with respect to the Property. Under the Deed-In- Lieu program you will voluntarily transfer ownership of the Property to Lender or Lender's designee to satisfy the amounts due on the Loan. The Short Sale program is specifically designed to assist with the sale of the Property to avoid foreclosure, even if the sale price may not pay off the amount owed on the Loan.

   b. Consumer will execute such other documents as may be necessary to consummate the terms and conditions of such Deed-In-Lieu or Short Sale program and will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or affidavit(s) that are necessary or required by the Lender's procedures in connection with such program(s).

12. Conditions: Lender's agreement to forbear and modify loan shall be subject to Consumer's full and timely satisfaction of all the terms listed in this Agreement and the following conditions:
   a. Insurance and Property Taxes. At all times during the term of this agreement Consumer must 1) Maintain adequate homeowner's insurance; and 2) keep all property taxes and utilities paid current.
   b. Application of Payments upon Cancellation. If this Agreement is cancelled due to Consumer's non-compliance, the Loan will revert retroactively back to the original terms.
   c. Termination. Lender's agreement to defer, forbear and modify loan shall automatically terminate, without further notice, act or instrument, upon the occurrence of any of the following events:
      - If a petition for relief under any federal or state bankruptcy, reorganization or insolvency statute or law is filed by or against Consumer or any guarantor of the Loan or any general partner of Consumer or of any guarantor of the Loan after the Effective Date of this agreement; or
      - Consumer fails to timely perform and observe any of the covenants, agreements and obligations contained in the Loan Documents, except for the obligation of the Consumer to make payments of Principal and interest; or
      - Consumer fails to timely perform any of the other covenants, agreements and obligations set forth in this Agreement; or
      - Consumer fails to pay off the Note (in full) on or before 5:00 p.m. (Pacific Time) on the Maturity Date set forth in this Agreement; or
      - If all or any part of the Property or any interest in, is sold or transferred (or if Consumer is not a natural person and a beneficial interest in; Consumer has sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument. If Lender exercises this option, Lender shall give Consumer notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Consumer must pay all sums secured by the Security Instrument. If Consumer fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Consumer.

13. Termination of Loan Modification. In the event Consumers default as hereinabove defined, then all loan modifications agreed to in writing by Lender may be null and void. At Lender's discretion all terms of the Mortgage may revert back terms prior to this Agreement and condition, as if this Agreement had no force or effect and ("Lender") at its option continue with foreclosure. The undersigned parties hereby agree to waive any defenses as to the enforcement of any default in the terms of this Agreement and judgement for foreclosure upon any default in the terms of the Agreement. Any waiver of arrears and Unpaid Principal Balance reductions shall be null and void and shall be added back to the balance of the loan.

Consumer(s) Initials: _[initials]_     Page | 4

14. <u>Change in Financial Status.</u> In the event Consumer or any successor or assignee, shall (i) file with any bankruptcy court of competent jurisdiction or made the subject of any petition under Title 11 of the United States Code, as amended ("Bankruptcy Code"); (ii) be the subject of any order for relief issued under the Bankruptcy Code; (iii) file or be the subject of any petition seeking any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future federal or state act or law relating to bankruptcy, insolvency, or other relief for debtors; (iv) have sought, or consenter to, or acquiesced in, the appointment of by any court of competent jurisdiction approving a petition filed against such party for any reorganization, any trustee, receiver, conservator, or liquidator, or, (v) be the subject of any order, judgment or decree entered arrangement composition, readjustment, liquidation, dissolution, or similar relief under any present or future federal or state act or law relation to bankruptcy, insolvency, or other relief for debtors, then subject to court approval, Lender shall thereupon be entitled and Consumer irrevocably consents to relief from any automatic stay imposed by Section 362 of the Bankruptcy Code or otherwise, on or against the exercise of the rights and remedies otherwise available to Lender, including, but not limited to, immediate termination of this Agreement and filing and/hereby irrevocably agrees that he/she shall not object to and hereby irrevocably waives his/her rights to object to Landers's requests for such relief. This provision is a material inducement for Lender to enter into this Agreement.

15. <u>Meaning of Terms.</u> All terms and/or phrases used in this Agreement shall have the respective meanings ascribed to them in the Loan Documents except as otherwise defined herein to the contrary.

16. <u>Conditions.</u> Lender's obligations hereunder and Consumer's ability to enforce this Agreement are subject to and conditioned upon the following: (i) the Deed of Trust has suffered no loss of priority as against other liens or encumbrances recorded against the Property; and (ii) Consumer and any guarantor(s) of the Loan shall have executed and delivered a copy of this Agreement to Lender.

17. <u>Release of Lender.</u> In consideration of Lender's modification of the Loan Documents under this Agreement, Consumer hereby waives and releases Lender from any and all actions, causes of action, claims, damages, demands, liability and loss arising from or relating to the Loan, including, but not limited to, Consumer's original loan applications and the making, funding and administration of such loan.

18. <u>Advice from Financial Advisor.</u> The parties understand that this is a legally binding agreement that may affect such party's rights. Each party represents to the other that it had the opportunity to receive financial and/or legal advice from the advisor and/or counsel of its choice regarding the meaning and legal significance of this Agreement and that it is satisfied with any advice received from such advisor and/or legal counsel.

19. <u>No Coercion.</u> Consumer acknowledges and represents to Lender that in entering into this Agreement, Consumer has not been subjected to any coercion or any other undue influence and has exercised Consumer's own free will.

20. <u>Miscellaneous.</u>

    a. <u>Entire Agreement.</u> This Agreement represents the entire integrated agreement between the parties relating to the subject matter of this Agreement. The parties agree that there are no other agreements or understandings, written or oral, express or implied, tacit or otherwise in respect of the subject matter of this Agreement. This Agreement may be amended only in writing.
    b. <u>Attorneys' Fees.</u> If any action is threatened or commenced to interpret or enforce the terms and provisions of this Agreement, the prevailing party shall be entitled to recover its attorneys' fees and costs of suit from the other.

Consumer(s) Initials: *B. W.  BW*  Page | 5

    c. <u>Fair Meaning</u>. This Agreement shall be interpreted according to its fair meaning and not for or against any party hereto or the drafter of the agreement. This Agreement has been negotiated between independent counsels separately representing each party to this Agreement.
    d. <u>Cooperation</u>. The parties hereto agree to cooperate with each other to the extent necessary to affect the purposes of this Agreement, including without limitation executing additional documents, providing introductions to other persons and providing copies of books and records.
    e. <u>Counterparts</u>. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument. This Agreement may be executed by facsimile signatures which shall be deemed original signatures for all purposes.
    f. <u>Successors and Assigns</u>. This Agreement shall bind the successors, assigns, heirs, administrators and executrixes of each party hereto.
    g. <u>Sole Parties</u>. This Agreement is made exclusively for the benefit of and solely for the protection of the parties hereto, and no other person or persons shall have the right to enforce the provisions hereof by action or legal proceedings or otherwise.

This agreement has been solely negotiated between the consumer and lender. FCI Lender Services will not be liable for any disputes arising out of this expedited agreement. Each party will hold harmless and indemnify FCI Lender Services for the facilitation of this document.

No changes to the FCI Lender Services system will be made without the signed agreement from the consumer and the majority approval of the lender.

<u>MORTGAGOR'S SIGNATURE AND NOTARY SECTION ON NEXT PAGE</u>

Consumer(s) Initials: _____

Page | 6

IN WITNESS WHEREOF, the parties have executed and entered into this Agreement as of the day and year first above written.

CONSUMER: If you are in agreement with the Modified Terms, please sign in the space provided below of this Loan Modification Agreement in the presence of a Notary.

MORTGAGOR'S SIGNATURE AND NOTARY SECTION

X _Bernice Warfield_  11-21-22
Name: Bernice Warfield          Date

_Tamar S. Warfield_  11-21-22
Name: Tamar Warfield          Date

State of __PENNSYLVANIA__

County of __ALLEGHENY__

On the __21ST__ day of __NOVEMBER__ in the year __2022__ before me, the undersigned, a Notary Public in and said State, personally appeared Bernice Warfield and Tamar Warfield, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their signature (s) on the instrument, the person or entity upon behalf of which the person or entity acted, executed the instrument.

_____
Notary Public

Notary Public for the County of __Allegheny__ State of __PA__ My Commission Expires: __10-16-2024__
(Seal)

```
Commonwealth of Pennsylvania - Notary Seal
Shery A. Bentz, Notary Public
Westmoreland County
My commission expires October 16, 2024
Commission number 1010479
```
Member, Pennsylvania Association of Notaries

Consumer(s) Initials: _BW_     Page | 7

DO NOT WRITE BELOW THIS LINE
*********************************************************************************

THIS SECTION IS FOR INTERNAL USE ONLY

LENDER: If you are in agreement with the Modified Terms, please sign in the space provided below of this Loan Modification Agreement.

Wilmington Savings Fund Society, FSB, As Owner Trustee of the Residential Credit Opportunities Trust VII - B
By: American Mortgage Investment Partners Management, LLC, as Attorney in Fact

By: _____         _____
    Name: Ron McMahan                                                                              Date
    Title:   CEO

> A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Orange

On _____ before me, _____ the undersigned Notary Public, personally appeared Ron McMahan, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person or the entity upon behalf of which the person acted, executed the instrument.

I certify under penalty of perjury under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

_____
Notary Public

Notary Public for the County of _____ State of _____ My Commission Expires: _____
(Seal)

Consumer(s) Initials: _____ _____ _____                                                                         Page | 8

## Legal Description – Exhibit A

All That Certain Lot Or Piece Of Ground Situate In The Borough Of Churchill, County Of Allegheny And Commonwealth Of Pennsylvania, Being Known As Lot No. 1 In The Limehill Plan Of Lots, As Recorded In The Recorder's Office Of Allegheny County, Pennsylvania In Plan Book Volume 85, Page 171.

Being Designated As Tax Parcel No. 297-R-200 In The Deed Registry Office Of Allegheny County, Pennsylvania

Under And Subject To All Conditions, Covenants And Restrictions As Of Record.

Parcel Number: 297-R-200

Consumer(s) Initials: _[signature]_    Page | 9

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 22-21446-CMB |
| Bernice Warfield | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-2 | User: auto | Page 1 of 1 |
| Date Rcvd: Nov 22, 2022 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol     Definition**

+        Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 24, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Bernice Warfield, 20 Thornycroft Road, Pittsburgh, PA 15235-4942 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Nov 24, 2022 | Signature: | /s/Gustava Winters |

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 22, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Brian Nicholas | on behalf of Creditor U.S. Bank Trust National Association  not in its individual capacity, but solely as Trustee of LSF9 Master Participation Trust bnicholas@kmllawgroup.com |
| Bryan P. Keenan | on behalf of Debtor Bernice Warfield keenan662@gmail.com melindap662@gmail.com;keenan.bryanp.r106644@notify.bestcase.com;ciennal662@gmail.com |
| Office of the United States Trustee | ustpregion03.pi.ecf@usdoj.gov |
| Ronda J. Winnecour | cmecf@chapter13trusteewdpa.com |

TOTAL: 4